Clyde D. Graeber, Secretary Kansas Department of Health and Environment Capitol Tower Building 400 S.W. 8th Street, Suite 200 Topeka, Kansas 66603
Dear Secretary Graeber:
You ask our opinion concerning the scope of authority of the Secretary of the Kansas Department of Health and Environment (KDHE) to require separation distances for confined feeding facilities, other than confined feeding facilities for swine. You ask whether the Secretary may impose separation distance requirements on facilities that have an animal unit capacity less than 300, and on facilities that are exempted from statutory separation distances by K.S.A. 1999 Supp. 65-171d(j)(1). You also ask whether the Secretary may require separation distances which are greater than those imposed by K.S.A. 1999 Supp. 65-171d(h)(1).
In considering the powers of the Secretary of the KDHE, the Kansas Supreme Court stated:
 "Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law power that can be exercised by an administrative agency."[1]
Although separation distance requirements are generally aimed more at preventing nuisance problems than preventing water pollution,[2] the only statutory provision addressing separation distances for confined feeding facilities is found in K.S.A. 1999 Supp. 65-171d, which primarily addresses water pollution control. That statute authorizes the Secretary of KDHE to make rules and regulations that in the Secretary's judgment are necessary to prevent water pollution.[3] The statute also imposes separation distances for confined feeding facilities, other than confined feeding facilities for swine, that have an animal unit capacity of 300 or more.[4] There is no statutory separation distance requirement for facilities with an animal unit capacity of less than 300. The statute does, however, provide that:
 "In adopting rules and regulations, the secretary of health and environment, taking into account the varying conditions that are probable for each source of sewage and its possible place of disposal, discharge or escape, may provide for varying the control measures required in each case to those the secretary finds to be necessary to prevent pollution. . . ."[5]
The statute limits the definition of "pollution" to water pollution.[6]
Therefore, this authority to provide for varying control measures through the regulation process is limited to situations where a variation is necessary to prevent water pollution.
In our opinion, the provision quoted above gives the Secretary authority to adopt a regulation that allows the Secretary to impose separation distances for confined feeding facilities that are greater than those imposed by K.S.A. 1999 Supp. 65-171d(h)(1), including the imposition of separation distance requirements for facilities with less than 300 animal units and for facilities exempt from statutory separation distances by K.S.A. 1999 Supp. 65-171d(j)(1), if the Secretary finds that the requirements are necessary to prevent water pollution.
The current regulation addressing separation distances provides that separation distances must conform to the provisions of K.S.A. 1999 Supp.65-171d.[7] Thus, this regulation would need to be amended to allow variances by the Secretary.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Pork Motel, Corp. v. Kansas Dept. of Health Environment,234 Kan. 374, 378 (1983).
[2] Nora H. Ringler Revocable Family Trust v. Meyer Land and CattleCo., Inc., 25 Kan. App. 2d 122 (1998).
[3] K.S.A. 1999 Supp. 65-171d(a).
[4] K.S.A. 1999 Supp. 65-171d(h)(1).
[5] K.S.A. 1999 Supp. 65-171d(d) (emphasis added).
[6] K.S.A. 1999 Supp. 65-171d(c)(1).
[7] K.A.R. 28-18-3.